UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 13-151 |
| v. | * | SECTION: L |
| DENNIS MORGAN | * | |

\* \* \*

### GOVERNMENT'S RESPONSE TO DEFENSE MOTION FOR DISCOVERY OF THE IDENTITY OF A GOVERNMENT CONFIDENTIAL INFORMANT

**NOW INTO COURT**, through the undersigned Assistant United States Attorney, comes the United States of America, who moves that the defendant's motion to discover the identity of a Government confidential informant be denied in its entirety for the reasons set forth below:

**Law and Argument**

The Supreme Court has recognized that the Government enjoys a privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of the law. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The Government can withhold information that would disclose the identity of a confidential informant except where that information would be "relevant and helpful to the defense of the accused." *Id.* at 60-61. This privilege, sometimes referred to as the "informant's privilege," is intended to serve the public's interest in effective law enforcement by protecting the anonymity of citizens who carry out their obligation to communicate knowledge of criminal activity to law enforcement officials. *United States v. Sanchez*, 988 F.2d 1384, 1391 (5th Cir. 1993). Applying *Roviaro* to the context of criminal discovery, courts have held that in certain circumstances, the prosecution can, pursuant to the privilege, refrain from disclosing a confidential informant's identity to the defendant. *See United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997); *United*

*States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993); *United States v. Mendoza- Salgado*, 964 F.2d 993, 1000 (10th Cir. 1992); *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991); *United States v. Martinez*, 922 F.2d 914, 920 (1st Cir. 1991); *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990); *United States v. Smith*, 780 F.2d 1102, 1107 (4th Cir. 1985); *United States v. Sharp*, 778 F.2d 1182, 1185 (6th Cir. 1985); *United States v. Tenorio- Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985); *United States v. Green*, 670 F.2d 1148, 1154 (D.C. Cir. 1981); *United States v. Jiles*, 658 F.2d 194, 196 (3d Cir. 1981); *United States v. Diaz*, 655 F.2d 580, 586 (5th Cir. 1981).

The Fifth Circuit has adopted a three-part test to determine whether disclosure of the informant's identity is required.  The court examines 1) the informant's degree of involvement in the crime, 2) the helpfulness of the disclosure to the defense, and 3) the Government's interest in nondisclosure. *United States v. Vizcarra–Porras,* 889 F.2d 1435, 1438 (5th Cir.1989), *cert. denied,* 495 U.S. 940, 110 S.Ct. 2192, 109 L.Ed.2d 520 (1990) (citing *United States v. Toro,* 840 F.2d 1221, 1232 (5th Cir.1988)).[1]  The defendant **must** make a sufficient showing that the disclosure that he seeks would significantly aid the defendant in establishing an asserted defense. *United States v. Orozco,* 982 F. 2d 152, 155 (5th Cir. 1993);  *Roviaro*, 353 U.S. at 61.(the defendant must demonstrate that the disclosure she seeks is "essential").

In the instant case, there were three confidential informants utilized (CI-1, CI-2 and CI-3). Confidential Informant 1 (CI-1) simply advised agents that Dennis MORGAN was a drug dealer and described some of his patterns of drug dealing activity.  CI-1 did not make any controlled purchases of drugs from anyone charged in the Government's indictment.  The second confidential informant (CI-2) provided information and made one controlled purchase of crack

---

[1] If the defendant fails to produce evidence that supports the first two prongs, then the court does not even have to examine the third prong.

during the course of this investigation. CI-2 did not provide any information to law enforcement concerning Dennis MORGAN and did not make a controlled purchase of drugs from him either. CI-3 provided information to law enforcement concerning several defendants charged in this conspiracy and made several controlled purchase of crack. CI-3 did not make a controlled purchase from Dennis MORGAN and could not identify him when asked. None of the confidential informants directly participated in criminal activity that Dennis MORGAN was charged with.[2] Further, only one of the three confidential informants, CS-1, provided information about MORGAN, and that information was limited.

**Confidential Informant 1**

    **a) CI-1 had minimal involvement in the crimes charged**

CI-1 had minimal involvement in the crimes charged against MORGAN. CI-1 simply provided background information about Dennis MORGAN to law enforcement early in the investigation. CI-1 did not participate in any activity that is the subject of a criminal charge contained in this indictment. CI-1 should be viewed more as a tipster and not someone who is an actual participant in any of the charged criminal conduct.

    **b) Disclosure would not be helpful to the defense**

Due to the minimal involvement of CI-1 with the investigation, his/her identity would not benefit any defense that the defendant could possibly assert. The defendant must assert a defense that would benefit from disclosure of the informants identity. There is not even a hypothetical defense that one could assert that would benefit from the discovery of CI-1's identity given the CI's role in the investigation. The Government has an interest in not promoting the arbitrary

---

[2] The information supplied by CI-2 and CI-3 and their controlled actions did assist law enforcement in their conspiracy investigation as a whole.

disclosure of its confidential informants when there has been no asserted defense that could possibly benefit from learning his or her identity.

    c) **Government's interest in nondisclosure**

The majority of the defendant's charged in this conspiracy are known to carry firearms and are believed to be responsible for numerous murders and shootings in and around the Lincoln Manor neighborhood of Kenner, LA. While Dennis MORGAN is not directly linked to a particular shooting or murder investigation at this time, he is responsible for converting cocaine hydrochloride into cocaine base "crack" for his co-defendant's who are. Due to the violent nature of members of this drug trafficking organization, disclosure of CI-1's identity could put his/her life in danger.

Considering the minor role that CI-1 played in the investigation of this violent drug trafficking organization and the lack of a possible defense that would benefit from learning the identity of CI-1 compared to the Government's interest in non-disclosure, it is clear that the three part test adopted by the Fifth Circuit weighs in favor of non-disclosure.

**Confidential Informant 2**

    a) **CI-2 had no known involvement with Dennis MORGAN**

CI-2 provided information to law enforcement and made one controlled purchase of crack during the course of this investigation. CI-2 did not provide any information to law enforcement concerning Dennis MORGAN and did not make a controlled purchase of drugs from him either.

    b) **Disclosure would not be helpful to the defense**

Due to the lack of CI-2's involvement with Dennis MORGAN during the course of this investigation, his/her identity would not benefit any defense that the defendant could possibly assert. The defendant must assert a defense that would benefit from disclosure of the informants

identity. There is not a defense that one could assert that would benefit from the discovery of CI-2's identity given the CI's role in the investigation. The Government has an interest in not promoting the arbitrary disclosure of its confidential informants when there has been no asserted defense that could possibly benefit from learning his or her identity.

    c) **Government's interest in nondisclosure**

As stated previously, due to the violent nature of members of this drug trafficking organization, disclosure of CI-2's identity could put his/her life in danger. Considering CI-2's role during the investigation of this violent drug trafficking organization and the lack of a possible defense that would benefit from learning the identity of CI-2 compared to the Government's interest in non-disclosure, it is clear that the three part test adopted by the Fifth Circuit weighs in favor of non-disclosure.

**Confidential Informant 3**

    a) **CI-2 had no known involvement with Dennis MORGAN**

CI-3 provided information to law enforcement concerning several defendants charged in this conspiracy and made several controlled purchases of crack. CI-3 did not make a controlled purchase of crack from Dennis MORGAN and could not identify him when asked.

    b) **Disclosure would not be helpful to the defense**

While CI-3 did make controlled purchases of crack from several members of this drug trafficking organization, he/she did not make a purchase from Dennis MORGAN. Further, CI-3 did not provide information to law enforcement regarding Dennis MORGAN and cannot even identify him. Due to the lack of CI-3's involvement with Dennis MORGAN during the course of this investigation, his/her identity would not benefit any defense that the defendant could possibly assert. The defendant must assert a defense that would benefit from disclosure of the

informants identity.  There is not even a hypothetical defense that one could assert that would benefit from the discovery of CI-3's identity given the CI's role in the investigation. The Government has an interest in not promoting the arbitrary disclosure of its confidential informants when there has been no asserted defense that could possibly benefit from learning his or her identity.

### c) Government's interest in nondisclosure

As stated previously, due to the violent nature of members of this drug trafficking organization, disclosure of CI-3's identity could put his/her life in danger. Considering CI-3's role during the investigation of this violent drug trafficking organization and the lack of a possible defense that would benefit from learning the identity of CI-3 compared to the Government's interest in non-disclosure, it is clear that the three part test adopted by the Fifth Circuit weighs in favor of non-disclosure.

**Conclusion**

The Government has an interest in not promoting the arbitrary disclosure of its confidential informants when there has been no asserted defense that could possibly benefit from learning his or her identity.  Arbitrary disclosure of informants could clearly have a chilling effect on cooperation from the citizenry as a whole if the government cannot generally demonstrate an ability to conceal the identity of its citizen informants.  Considering the minor roles played by the confidential informants in this case compared to the Government's interest in non-disclosure, it is clear that the three part test adopted by the Fifth Circuit weighs in favor of non-disclosure.

WHEREFORE, the Government respectfully requests that this honorable court deny the defendant's motion to discover the identity of the Government's confidential informants.

Respectfully submitted,

KENNETH ALLEN POLITE, JR
UNITED STATES ATTORNEY

s/J.Collin Sims
J. COLLIN SIMS
Assistant United States Attorney
Bar Roll Number LA. 30727
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3043
Email:csims@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and a copy of same will be served upon all counsel of record through the CM/ECF system.

s./J. Collin Sims
J. COLLIN SIMS