FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2014 FEB 13 PM 2:37

WILLIAM W. BLEVINS
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FELONY**

SECOND SUPERSEDING INDICTMENT FOR VIOLATIONS
OF THE FEDERAL GUN CONTROL ACT,
THE FEDERAL CONTROLLED SUBSTANCES ACT, AND MURDER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO: 13-151 |
| | * | |
| v. | | SECTION:   L |
| | * | |
| LANGUNDO FLOWERS | * | VIOLATIONS: 21 U.S.C. § 846 |
|    a/k/a "Gonzo" | | 21 U.S.C. § 841(a)(1) |
| ODELL WELLS | * | 21 U.S.C. § 841(b)(1)(A) |
|    a/k/a "Tiger" | | 21 U.S.C. § 841(b)(1)(C) |
| DENNIS C. MORGAN | * | 21 U.S.C. § 843(b) |
|    a/k/a "D" | | 18 U.S.C. § 922(g) |
| CAMRY MOORE | * | 18 U.S.C. § 924(c) |
|    a/k/a "Cam" | | 18 U.S.C. § 924(j) |
| CARY J. BRYANT | * | 18 U.S.C. § 924(o) |
|    a/k/a "Mal" | | 18 U.S.C. § 2 |
| DARREN L. WILLIAMS | * | |
|    a/k/a "Pop" | | |
| RYAN MAGEE | * | |
|    a/k/a "Lil Ron" | | |
| AKEEM JOHNSON | * | |
|    a/k/a "Keem" | | |
| JONATHAN C. MARTIN | * | |
|    a/k/a "Jon Jon" | | |
| * * * | | |

The Grand Jury charges that:

Fee_____
Process____
X  Dktd____
___ CtRmDep____
___ Doc. No.____

## COUNT 1
(Conspiracy to Distribute Controlled Substances)

Beginning on a date unknown, but not later than August 1, 2012, and continuing until on or about July 9, 2013, in the Eastern District of Louisiana, and elsewhere, the defendants, **LANGUNDO FLOWERS, a/k/a "Gonzo," ODELL WELLS, a/k/a "Tiger," DENNIS C. MORGAN, a/k/a "D," CAMRY MOORE, a/k/a "Cam," CARY J. BRYANT, a/k/a "Mal," DARREN L. WILLIAMS, a/k/a "Pop," RYAN MAGEE, a/k/a "Lil Ron," AKEEM JOHNSON, a/k/a "Keem," and JONATHAN C. MARTIN, a/k/a "Jon Jon,"** did knowingly and intentionally combine, conspire, confederate and agree with each other, and other persons known and unknown to the Grand Jury to distribute and to possess with the intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); all in violation of Title 21, United States Code, Section 846.

## COUNT 2
(Conspiracy to Possess Firearms)

Beginning on a date unknown, but not later than August 1, 2012, and continuing until on or about July 9, 2013, in the Eastern District of Louisiana and elsewhere, the defendants, **CAMRY MOORE, a/k/a "Cam," CARY J. BRYANT, a/k/a "Mal," DARREN L. WILLIAMS, a/k/a "Pop," RYAN MAGEE, a/k/a "Lil Ron," and AKEEM JOHNSON, a/k/a "Keem,"** did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to possess firearms in furtherance of drug trafficking crimes as alleged in this Second Superseding Indictment; all in violation of Title 18, United States Code, Section 924(o).

## COUNT 3

On or about September 28, 2012, in the Eastern District of Louisiana, the defendant, **RYAN MAGEE, a/k/a "Lil Ron,"** did knowingly and intentionally distribute a quantity of cocaine base ("crack"), a Schedule II drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 4

On or about October 19, 2012, in the Eastern District of Louisiana, the defendant, **JONATHAN C. MARTIN, a/k/a "Jon Jon,"** did knowingly and intentionally distribute a quantity of cocaine base ("crack"), a Schedule II drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 5

On or about November 15, 2012, in the Eastern District of Louisiana, the defendant, **RYAN MAGEE, a/k/a "Lil Ron,"** did knowingly and intentionally distribute a quantity of cocaine base ("crack"), a Schedule II drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 6

On or about February 22, 2013, in the Eastern District of Louisiana, the defendants, **CARY J. BRYANT, a/k/a "Mal," DARREN L. WILLIAMS, a/k/a "Pop," and AKEEM JOHNSON, a/k/a "Keem,"** each aiding and abetting the other, did knowingly possess an unknown firearm, in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit conspiracy to distribute and to possess with the intent to distribute cocaine base, in violation of Title 21, United States Code, Section 846, as charged in

Count 1 of this Second Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT 7

On or about March 4, 2013, in the Eastern District of Louisiana, the defendant, **JONATHAN C. MARTIN, a/k/a "Jon Jon",** did knowingly and intentionally use a communication facility, to wit, a telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code, Sections 841(a)(1) and 846, that is, conspiracy to distribute and to possess with the intent to distribute cocaine base, a Schedule II drug controlled substance; all in violation of Title 21, United States Code, Section 843(b).

## COUNT 8

On or about March 6, 2013, in the Eastern District of Louisiana, the defendants, **DENNIS C. MORGAN, a/k/a "D,"** and **LANGUNDO FLOWERS, a/k/a "Gonzo,"** did knowingly and intentionally use a communication facility, to wit, a telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code, Sections 841(a)(1) and 846, that is, conspiracy to distribute and to possess with the intent to distribute cocaine base, a Schedule II drug controlled substance; all in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

## COUNT 9

On or about March 6, 2013, in the Eastern District of Louisiana, the defendant, **RYAN MAGEE, a/k/a "Lil Ron,",** did knowingly and intentionally use a communication facility, to wit, a telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code, Sections 841(a)(1) and 846, that is, conspiracy to distribute and to

possess with the intent to distribute cocaine base, a Schedule II drug controlled substance; all in violation of Title 21, United States Code, Section 843(b).

## COUNT 10

On or about March 9, 2013, in the Eastern District of Louisiana, the defendant, **DENNIS C. MORGAN, a/k/a "D,"** did knowingly and intentionally use a communication facility, to wit, a telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code, Sections 841(a)(1) and 846, that is, conspiracy to distribute and to possess with the intent to distribute cocaine base, a Schedule II drug controlled substance; all in violation of Title 21, United States Code, Section 843(b).

## COUNT 11

On or about March 19, 2013, in the Eastern District of Louisiana, the defendants, **DENNIS C. MORGAN, a/k/a "D,"** and **LANGUNDO FLOWERS, a/k/a "Gonzo,"** did knowingly and intentionally use a communication facility, to wit, a telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code, Sections 841(a)(1) and 846, that is, conspiracy to distribute and to possess with the intent to distribute cocaine base, a Schedule II drug controlled substance; all in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

## COUNT 12

On or about March 24, 2013, in the Eastern District of Louisiana, the defendants, **CARY J. BRYANT, a/k/a "Mal," DARREN L. WILLIAMS, a/k/a "Pop," RYAN MAGEE, a/k/a "Lil Ron," and AKEEM JOHNSON, a/k/a "Keem,"** each aiding and abetting the other, did knowingly possess unknown firearms, in furtherance of a drug trafficking crime for which they

may be prosecuted in a court of the United States, to wit conspiracy to distribute and to possess with the intent to distribute cocaine base, in violation of Title 21, United States Code, Section 846, as charged in Count 1 of this Second Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT 13

On or about April 25, 2013, in the Eastern District of Louisiana, the defendant, **RYAN MAGEE, a/k/a "Lil Ron,"** did knowingly and intentionally distribute a quantity of cocaine base ("crack"), a Schedule II drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 14

On or about July 6, 2011, in the Eastern District of Louisiana, defendant, **CARY J. BRYANT, a/k/a "Mal,"** knowingly used and carried a firearm during and in relation to the defendant's commission of a drug trafficking crime which he may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to possess with intent to distribute cocaine base, in violation of Title 21, United States Code, Section 846, as charged in Count 1 of this Second Superseding Indictment; and, such firearm was discharged; all in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 15

On or about April 30, 2013, in the Eastern District of Louisiana, the defendant, **LANGUNDO FLOWERS, a/k/a "Gonzo,"** did knowingly and intentionally distribute a quantity of cocaine base ("crack"), a Schedule II drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 16
(Causing Death Through the Use of a Firearm)

On or about May 2, 2013, in the Eastern District of Louisiana, the defendants, , **CAMRY MOORE, a/k/a "Cam,"** and **DARREN L. WILLIAMS, a/k/a "Pop,"** each aiding and abetting the other, did knowingly use and carry firearms, during and in relation to the commission of a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute cocaine base ("crack"), as set forth in Count 1 of this Second Superseding Indictment which is realleged and incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Jeremiah Jackson, by shooting him with a firearm numerous times willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 17

On or about May 2, 2013, in the Eastern District of Louisiana, the defendant, **CARY J. BRYANT, a/k/a "Mal,"** did knowingly and intentionally possess with the intent to distribute a quantity of cocaine base ("crack"), a Schedule II drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 18

On or about May 23, 2013, in the Eastern District of Louisiana, the defendant, **LANGUNDO FLOWERS, a/k/a "Gonzo,"** did knowingly and intentionally distribute a

quantity of cocaine base ("crack"), a Schedule II drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 19

On or about June 2, 2013, in the Eastern District of Louisiana, the defendants, **LANGUNDO FLOWERS, a/k/a "Gonzo," and CARY J. BRYANT, a/k/a "Mal,"** did knowingly and intentionally use a communication facility, to wit, a telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code, Sections 841(a)(1) and 846, that is, conspiracy to distribute and to possess with the intent to distribute cocaine base, a Schedule II drug controlled substance; all in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

## COUNT 20

On or about June 3, 2013, in the Eastern District of Louisiana, the defendants, **LANGUNDO FLOWERS, a/k/a "Gonzo," and DARREN L. WILLIAMS, a/k/a "Pop,"** did knowingly and intentionally use a communication facility, to wit, a telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code, Sections 841(a)(1) and 846, that is, conspiracy to distribute and to possess with the intent to distribute cocaine base, a Schedule II drug controlled substance; all in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

## COUNT 21

On or about June 3, 2013, in the Eastern District of Louisiana, the defendants, **LANGUNDO FLOWERS, a/k/a "Gonzo," and ODELL WELLS, a/k/a "Tiger,"** did knowingly and intentionally use a communication facility, to wit, a telephone, in committing,

causing and facilitating the commission of a violation of Title 21, United States Code, Sections 841(a)(1) and 846, that is, conspiracy to distribute and to possess with the intent to distribute cocaine base, a Schedule II drug controlled substance; all in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

## COUNT 22

On or about June 4, 2013, in the Eastern District of Louisiana, the defendants, **LANGUNDO FLOWERS, a/k/a "Gonzo," and ODELL WELLS, a/k/a "Tiger,"** did knowingly and intentionally use a communication facility, to wit, a telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code, Sections 841(a)(1) and 846, that is, conspiracy to distribute and to possess with the intent to distribute cocaine base, a Schedule II drug controlled substance; all in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

## COUNT 23

On or about June 4, 2013, in the Eastern District of Louisiana, the defendants, **LANGUNDO FLOWERS, a/k/a "Gonzo," and DARREN WILLIAMS, a/k/a "Pop,"** did knowingly and intentionally use a communication facility, to wit, a telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code, Sections 841(a)(1) and 846, that is, conspiracy to distribute and to possess with the intent to distribute cocaine base, a Schedule II drug controlled substance; all in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

## COUNT 24

On or about June 5, 2013, in the Eastern District of Louisiana, the defendant, **LANGUNDO FLOWERS, a/k/a "Gonzo,"** did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 25

On or about June 13, 2013, in the Eastern District of Louisiana, the defendant, **LANGUNDO FLOWERS, a/k/a "Gonzo,"** did knowingly possess a Springfield Armory, 9mm semi-automatic handgun, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit conspiracy to distribute and to possess with the intent to distribute cocaine base, in violation of Title 21, United States Code, Section 846, as charged in Count 1 of this Second Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 26

On or about June 13, 2013, in the Eastern District of Louisiana, the defendant, **LANGUNDO FLOWERS, a/k/a "Gonzo,"** having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, to wit: a conviction on or about September 24, 1997, in case number 974630, in the 24th Judicial District Court, Jefferson Parish, Louisiana, for possession of cocaine, and a conviction on or about March 30, 2004, in case number 037516, in the 24th Judicial District Court, Jefferson Parish, Louisiana, for attempt or conspiracy to possess cocaine and possession of hydrocodone; did knowingly possess in and

affecting commerce, a firearm, to wit: a Springfield Armory, 9mm semi-automatic handgun; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 27

On or about June 13, 2013, in the Eastern District of Louisiana, the defendant, **LANGUNDO FLOWERS, a/k/a "Gonzo,"** having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, to wit: a conviction on or about September 24, 1997, in case number 974630, in the 24th Judicial District Court, Jefferson Parish, Louisiana, for possession of cocaine, and a conviction on or about March 30, 2004, in case number 037516, in the 24th Judicial District Court, Jefferson Parish, Louisiana, for attempt or conspiracy to possess cocaine and possession of hydrocodone; did knowingly possess in and affecting commerce, ammunition, to wit: PMC Bronze, 9mm ammunition; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 28

On or about June 13, 2013, in the Eastern District of Louisiana, the defendant, **ODELL WELLS, a/k/a "Tiger,"** having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, to wit: a conviction on or about November 7, 2003, in case number 030503, in the 24th Judicial District Court, Jefferson Parish, Louisiana, for possession with the intent to distribute cocaine, a conviction on or about March 1, 2007, in case number 064427, in the 24th Judicial District Court, Jefferson Parish, Louisiana, for possession of cocaine, and a conviction on or about July 23, 2012, in case number 122999, in the 24th Judicial District Court, Jefferson Parish, Louisiana, for possession of marijuana 2nd offense; did knowingly possess in and affecting commerce, ammunition, to wit: Super Velocity Luger 9mm

ammunition and Winchester .40 caliber ammunition; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## NOTICE OF DRUG FORFEITURE

1. The allegation of Counts 1, 3, 4, 5, 7-11, 13, 15, and 17-24 of this Second Superseding Indictment are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2. As a result of the offense alleged in Counts 1, 3, 4, 5, 7-11, 13, 15, and 17-24, the defendants, **LANGUNDO FLOWERS, a/k/a "Gonzo," ODELL WELLS, a/k/a "Tiger," DENNIS C. MORGAN, a/k/a "D," CAMRY MOORE, a/k/a "Cam," CARY J. BRYANT, a/k/a "Mal," DARREN L. WILLIAMS, a/k/a "Pop," RYAN MAGEE, a/k/a "Lil Ron," AKEEM JOHNSON, a/k/a "Keem," and JONATHAN C. MARTIN, a/k/a "Jon Jon,"** shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts 1, 3, 4, 5, 7-11, 13, 15, and 17-24 of this Second Superseding Indictment.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property, which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above-forfeitable property.

All in violation of Title 21, United States Code, Section 853.

## NOTICE OF GUN FORFEITURE

1. The allegations of Counts 2, 6, 12, 14, 16, and 25-28 of this Second Superseding Indictment are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 924 (d)(1) and Title 28, United States Code, Section 2461(c).

2. As a result of the offenses alleged in Counts 2, 6, 12, 14, 16, and 25-28, the defendants, **CAMRY MOORE, a/k/a "Cam," CARY J. BRYANT, a/k/a "Mal," DARREN L. WILLIAMS, a/k/a "Pop," RYAN MAGEE, a/k/a "Lil Ron," and AKEEM JOHNSON, a/k/a "Keem," LANGUNDO FLOWERS, a/k/a "Gonzo," and ODELL WELLS, a/k/a "Tiger,"** shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461, any firearm or ammunition, which was involved in or used in a knowing violation of Title 18, United States Code, Section 922(g).

3. If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendants:

  a. cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third person;

  c.  has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property; all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(d)(1).

## NOTICE OF SPECIAL FINDINGS

1.  The Grand Jury incorporates by reference and realleges the allegations contained in Count 16 and makes the following special findings:

2.  As to Count 16, defendants **CAMRY MOORE, a/k/a "Cam,"** and **DARREN L. WILLIAMS, a/k/a "Pop,"**

  a.  were 18 years of age or older at the time of the offense;

  b.  intentionally killed Jeremiah Jackson (18 U.S.C. § 3591(a)(2)(A));

  c.  intentionally inflicted serious bodily injury that resulted in the death of Jeremiah Jackson;

  d.  intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Jeremiah Jackson died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C));

 e. intentionally and specifically engaged in one or more acts of violence, knowing that the act or acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in such act or acts constituted a reckless disregard for human life, and Jeremiah Jackson died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(D));

 f. knowingly created a grave risk of death to one or more persons in addition to the victim of the offense in the commission of the offense or in escaping apprehension for the violation of the offense (18 U.S.C. § 3592 (c)(5)); and

 g. committed the offense after substantial planning and premeditation to cause the death of Jeremiah Jackson (18 U.S.C. § 3592(c)(9)).

A TRUE BILL:

_____
FOREPERSON


KENNETH ALLEN POLITE, JR
UNITED STATES ATTORNEY

_____
J. COLLIN SIMS
Assistant United States Attorney
La. Bar Roll No. 30727

New Orleans, Louisiana
February 13, 2014

FORM OBD-34

No. 13-151, "L"

UNITED STATES DISTRICT COURT
Eastern District of Louisiana
Criminal Division

THE UNITED STATES OF AMERICA

vs.

LANGUNDO FLOWERS, a/k/a "Gonzo"
ODELL WELLS, a/k/a "Tiger"
DENNIS C. MORGAN, a/k/a "D"
CAMRY MOORE, a/k/a "Cam"
CARY J. BRYANT, a/k/a "Mal"
DARREN L. WILLIAMS, a/k/a "Pop"
RYAN MAGEE, a/k/a "Lil Ron"
AKEEM JOHNSON, a/k/a "Keem"
JONATHAN C. MARTIN, a/k/a "Jon Jon"

INDICTMENT
INDICTMENT FOR VIOLATIONS OF THE FEDERAL CONTROLLED SUBSTANCES ACE AND THE FEDERAL GUN CONTROL ACT, THE FEDERAL CONTROLLED SUBSTANCES ACT, AND MURDER

VIOLATIONS:  21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841 (b)(1)(A)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 843 (b)
18 U.S.C. § 922(g)
18 U.S.C. § 924(c)
18 U.S.C. § 924(j)
18 U.S.C. § 924 (o)
18 U.S.C. § 2

A true bill

_____
Foreperson

Filed in open court this _____ day, of _____ A.D. 2014.

_____
Clerk

Bail, $ _____

J. COLLIN SIMS
Assistant United States Attorney