# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| | * | |
| versus | * | No. 13-151 |
| | * | |
| DENNIS C. MORGAN | * | SECTION "L" (3) |

## ORDER & REASONS

Before the Court is a Motion to Sever filed by Defendant Dennis C. Morgan (Rec. Doc. 299). The Court has reviewed the briefs and applicable law and, after holding a hearing on the motion, now issues this Order & Reasons.

## I. BACKGROUND

This case arises out of an alleged conspiracy to distribute drugs. Count 1 of the twenty-eight-count Second Superseding Indictment charges nine defendants with conspiring to distribute, and to possess with the intent to distribute, 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(a) and 846. Defendant Dennis Morgan is among those nine Defendants. Dennis Morgan is also named in Counts 8, 10 and 11 of the Second Superseding Indictment. Counts 8, 10, and 11 charge Morgan with knowingly and intentionally using a communication facility, to wit, a telephone, in committing or facilitating the commission of a violation of Title 21, United States Code, Sections 841(a)(1) and 846. The other twenty-four counts charge various Defendants with distributing drugs, possessing firearms, and causing death through the use of a firearm.

## II. PRESENT MOTION

### A. Motion to Sever (Rec. Doc. 299)

1

On June 23, 2014, Morgan filed the present motion to sever his charges from those charges that are unrelated to his and/or to sever his trial from that of his co-defendants. (Rec. Doc. 299). Morgan explains that all of the charges that pertain to him allege violations of the Federal Controlled Substances Act. Morgan points out that he is not charged with violating the Federal Gun Control Act or with committing murder. (Rec. Doc. 299-1 at 4). Morgan claims that the Second Superseding Indictment misjoins the counts charged against him with multiple unrelated counts charged against his co-defendants. Morgan argues that under Federal Rule of Criminal Procedure 8(b), severance is warranted because "there is no substantial identity of facts or participants among the offenses as they relate to Mr. Morgan." (Rec. Doc. 299-1 at 3). Morgan argues that there is no proof that he was involved in the bulk of the criminal activity that forms the factual basis for the Second Superseding Indictment. (Rec. Doc. 299-1 at 4). Morgan claims that Count 1 is misleading in that it indicates that there was one drug conspiracy, when the indictment really covers multiple, unrelated conspiracies. (Rec. Doc. 299-1 at 4). Morgan argues that there was no common, illicit purpose shared by him and his co-defendants. (Rec. Doc. 299-1 at 4). According to Morgan, this fact becomes "glaring" when one looks at the charges pertaining to firearms and murder. (Rec. Doc. 299-1 at 4). Morgan claims that he had absolutely nothing to do with the alleged participants and the criminal activities described. (Rec. Doc. 299-1 at 4). Morgan claims that because the alleged facts regarding the firearms and murder charges has no commonality with the counts against Morgan, the joinder of those charges is not proper under Rule 8(b).

In addition, Morgan argues that severance is warranted under Rule 14(a) because the prejudice that he will face by being tried jointly with the other co-defendants substantially outweighs the interest in judicial economy. Morgan claims that he does not even know each of

2

the named defendants. (Rec. Doc. 299-1 at 6). Morgan argues that a joint trial will confuse the jury and increase the chances that he is found guilty merely because he is erroneously included in an indictment that alleges heinous crimes of his co-defendants. (Rec. Doc. 299-1 at 6). Furthermore, Morgan argues that joinder of Count 1 with the various drug distribution charges will confuse the jury and make it impossible to determine the quantity of drugs for which Morgan is responsible. (Rec. Doc. 299-1 at 6). Last, Morgan argues that a prejudicial "spill over" effect will result and that the Court will be unable to cure it by issuing special instructions. (Rec. Doc. 299-1 at 7).

      B.      **Government's Response (Rec. Doc. 309)**

In opposition, the Government claims that in September 2012, the Drug Enforcement Administration and the Kenner Police Department began an investigation into the activities of a drug trafficking organization in the Lincoln Manner area of Kenner, Louisiana. (Rec. Doc. 309). According to the Government, during the course of this investigation agents were able to identify members of the organization and determine their respective roles. The Government claims that evidence will show that Morgan "was the person responsible for converting over 196 grams of cocaine hydrochloride into cocaine base for Waltrell Knox." (Rec. Doc. 309 at 2). The Government explains that several intercepted phone calls indicate that Morgan would convert cocaine hydrochloride into cocaine base so that it could be distributed around the Lincoln Manner area. (Rec. Doc. 309 at 2). The Government claims that four street-level distributers of cocaine base for Waltrell Knox are also co-defendants in this case. (Rec. Doc. 309 at 2-3). Further, the Government points out that one of those co-defendants is also charged with murder in Count 16. (Rec. Doc. 309 at 2-3). The Government claims that all of the cocaine base supplied to these individuals by Waltrell Knox was converted by Morgan. (Rec. Doc. 309 at 3).

3

The Government alleges that all of the counts charged in the Second Superseding Indictment relate to and/or are in furtherance of Count 1. (Rec. Doc. 309 at 4).

The Government argues that joinder under Federal Rule of Civil Procedure 8(a) is proper. The Government claims that the propriety of joinder should be evaluated by looking at the initial allegations of the indictment. (Rec. Doc. 309 at 4). The Government argues that the instant case falls squarely into the category of cases in which a joint trial of co-conspirators is favored. (Rec. Doc. 309 at 4). According to the Government, it does not matter that Morgan was not charged in every count of the indictment because Morgan played an indispensable role in Count 1, the count around which the entire indictment centers. (Rec. Doc. 309 at 5).

With respect to Rule 14, the Government claims that this Court should only sever a defendant if the Court determines that joinder results in prejudice that outweighs the benefit of judicial economy. (Rec. Doc. 309 at 6). The Government argues that severance is only appropriate when there is a serious risk that a joint trial will compromise a specific trial right of one of the defendants. (Rec. Doc. 309 at 6) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). The Government claims that Morgan has the burden of proving that without a severance he will be unable to obtain a fair trial. (Rec. Doc. 309 at 6) (quoting *United States v. Perez*, 489 F.2d 51, 65 (5th Cir. 1973)). The Government further argues that this Court can tailor relief through an appropriate limiting instruction. (Rec. Doc. 309 at 7). The Government claims that Morgan fails to make any specific showing as to why a jury will be unable to properly process the evidence against him. (Rec. Doc. 309 at 9-10).

### III. LAW & ANALYSIS

#### A. Federal Rule of Criminal Procedure 8

Federal Rule of Criminal Procedure 8 provides that "[t]he indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b). "The fact that an indictment does not charge each [defendant] with active participation in each phase of the conspiracy does not constitute misjoinder." *United States v. Lindell* 881 F.2d 1313, 1318 (5th Cir. 1989). "All that is required is ' a series of acts unified by some substantial identity of facts or participants.'" *U.S. v. Krenning*, 93 F.3d 1257, 1266 (5th Cir. 1996) (quoting *Dennis*, 645 F.2d at 520). "The propriety of joinder under Rule 8 is determined by the initial allegations of the indictment, which are accepted as true absent arguments of prosecutorial misconduct." *U.S. v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985).

Morgan argues that the indictment covers several unrelated conspiracies, rather than one single conspiracy. Morgan argues that the allegations contained in Counts 1, 8, 10, and 11 are insufficient to connect him to the other defendants. In *United States v. Harrelson*, the Fifth Circuit addressed a similar argument. According to the Fifth Circuit, joinder of the count naming Morgan to those naming his codefendants is proper if "'the indictment alleged all of them 'to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses . . . .' Separate conspiracies with different memberships may still be joined if they are part of the same series of acts or transactions.'" *Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) (quoting *United States v. Grassi*, 616 F.2d 1295, 1303 (5th Cir.)). "Whether the counts of an indictment fulfill the 'same series' requirement is determined by examining 'the relatedness of the facts underlying each offense . . . [W]hen the facts underlying

5

each offense are so closely connected that proof of such facts is necessary to establish each offense, joinder of defendants and offenses is proper.'" *Id.* (quoting *United States v. Gentile*, 495 F.2d 626, 630 (5th Cir. 1974). On the other hand, "[w]hen there is no 'substantial identity of facts or participants between the two offenses, there is no 'series' of facts under Rule 8(b)." *Id.*

In the present case, Count 1 charges Morgan and eight other co-defendants with being part of a conspiracy to distribute 280 grams or more of cocaine base. (Rec. Doc. 196 at 2). Counts 3, 4, 5, 13, 15, 18 charge various defendants with actual distribution of a quantity of cocaine base. (Rec. Doc. 196 at 3-7). Count 2 charges five defendants, all of whom are charged in Count 1, with conspiring to possess firearms in furtherance of drug trafficking crimes. (Rec. Doc. 196 at 2). Counts 6, 12, 14, and 25 charge various defendants with possessing firearms in further of drug trafficking crimes. (Rec. Doc. 196 at 3, 5-6, 10). Counts 7, 8, 9, 10, 11, 19, 20, 21, 22, 23 charge various defendants with knowingly and intentionally using a communication facility in order to commit or facilitate the commission of the conspiracy charged in Count 1. (Rec. Doc. 196 at 6-9). Counts 18 and 24 charge defendants with possession of cocaine base with the intent to distribute. (Rec. Doc. 196 at 7, 10). Counts 26, 27, and 28 charge various defendants with being a convicted felon in possession of a firearm. (Rec. Doc. 196 at 10-11). Last, Count 16 charges two defendants with knowingly using and carrying firearms, during and in relation to the commission of the drug trafficking conspiracy charged in Count 1, and causing the death of a person through the use of that firearm. (Rec. Doc. 196 at 7).

Each of the twenty-eight counts involves substantially related facts and participants. Proof of the conspiracy charged in Count 1 is necessary to establish almost all of the additional charges. Accepting the allegations in the indictment as true, which the Court must do at this stage, *Harrelson*, 754 F.2d at 1176, it is clear that all of the charges relate to and were in

furtherance of the conspiracy in Count 1. Accordingly, joinder is proper under Rule 8. *See also United States v. Mazella*, 782 F.2d 533, 540 (5th Cir. 1986) (finding that joinder was proper where the defendant was not charged under the RICO or RICO conspiracy counts but his dealings with his co-defendant allowed the co-defendant to further the criminal enterprise.)

### B. Federal Rule of Criminal Procedure 14

It is the general rule "that persons who are indicted together should be tried together." *U.S. v. Michel*, 588 F.2d 986, 1001 (5th Cir. 1979). "Joint trials 'play a vital role in the criminal justice system.'" *Zafiro v. U.S.*, 506 U.S. 534, 537 (1993); *see also Krenning*, 93 F.3d at 1266 ("The interests of efficiency and justice have led to a preference in the federal system for joint trials of defendants who are indicted together.") However, Federal Rule of Civil Procedure 14 provides that "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The United States Supreme Court has explained that "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The United States Court of Appeals for the Fifth Circuit has explained that "[i]n ruling on a motion to sever, a trial court must balance potential prejudice to the defendant against the 'public interest in joint trials where the case against each defendant arises from the same general transaction.'" *U.S. v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004). The Supreme Court noted that "[w]hen many defendants are tried together in a complex case and

they have markedly different degrees of culpability, this risk of prejudice is heightened." *Id.* at 539 (citing *Kotteakos v. United States*, 328 U.S. 750, 774-75 (1946)).

The Fifth Circuit has explained that "[a] defendant is not entitled to severance just because it would increase his chance of acquittal or because evidence is introduced that is admissible against certain defendants." *Burton v. U.S.*, 237 F.3d 490, 495 (5th Cir. 2000) (citing *Zafiro*, 506 U.S. at 540). Furthermore, "even where defendants have markedly different degrees of culpability, severance is not always required if less drastic measures, such as limiting instructions will suffice to cure the prejudice." *Id.* (citing *United States v. Broussard*, 80 F.3d 1025, 1037 (5th Cir. 1996)); *see also U.S. v. Bermea*, 30 F.3d 1539, 1572 (5th Cir. 1994) ("Any prejudice created by a joint trial can generally be cured through careful jury instructions.").

In *United States v. Michel*, the Fifth Circuit explained that when "the government charges several defendants with conspiracy and numerous substantive counts, the possibility always exists that the jury might cumulate the evidence introduced against all to find guilty a defendant whose connection was only marginal." 588 F.2d 986, 1002-03 (5th Cir. 1979). The Fifth Circuit determined, however, that the possibility of prejudicial cumulation of evidence could be best cured by a charge to the jury, warning them to give separate and personal consideration to each defendant. *Id.* at 1003. Consistent with the Fifth Circuit's holding in *Michel*, the Fifth Circuit has explained that "[i]f the jury can keep separate the evidence that is relevant to each defendant, even if the task is difficult, and render a fair and impartial verdict as to each defendant, a severance should not be granted." *U.S. v. Ramirez*, 145 F.3d 345, 355 (5th Cir. 1998) (citing *United States v. Walters*, 87 F.3d 663, 670-71 (5th Cir. 1996)).

Morgan argues that there will be a prejudicial "spill over" effect if he is tried with his co-defendants, who are alleged to have committed more serious crimes. Morgan argues that "the

8

murder charge is of such an inflammatory nature that the Court will not be able to protect Mr. Morgan at trial from any prejudice by issuing instructions . . . ."  (Rec. Doc. 299-1 at 7).  The Fifth Circuit has found that "the mere presence of a spillover effect does not ordinarily warrant severance."  *U.S. v. McCord*, 33 F.3d 1434, 1452 (5th Cir. 1994).  Morgan must demonstrate clear, specific and compelling prejudice that will result in an unfair trial if not severed.  *See U.S. v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998).

In *United States v. Posada-Rios*, the Fifth Circuit addressed a similar argument as the one made here.  In that case, the defendants argued "that they were prejudiced by evidence of crimes committed by co-conspirators, including gruesome murders, before they joined the conspiracies."  158 F.3d 832, 863 (5th Cir. 1998).  The Fifth Circuit stated that "[w]hile the district court must guard against undue prejudice, it need not protect conspirators from evidence of their confederates' acts in furtherance of their common illegal aim."  *Id.*  (quoting *U.S. v. Manges*, 110 F.3d 1162, 1174-75 (5th Cir. 1997)).

The Fifth Circuit's decision in *United States v. Erwin* is particularly instructive.  793 F.2d 656 (5th Cir. 1986).  In that case, the appellants had been charged in a single indictment and all, except one, were charged with participating in a single conspiracy.  Appellants contended that the district court abused its discretion in not severing all or some of their counts.  Appellants tried to show prejudice by pointing to the fact that a large part of the trial consisted of evidence of two kidnappings, two beatings, and one killing, none of which appellants were involved in.  793 F.2d 656, 666 (5th Cir. 1986).  Appellants claimed that evidence of these activities, which differed qualitatively from the crimes with which they were charged, poisoned the jury's minds and made it impossible for the jury to untangle the evidence.  *Id.*  With one exception, the Fifth Circuit disagreed.  The Fifth Circuit explained that although evidence of more egregious crimes

9

took up a large part of the trial, the rest of the evidence directly pertained to the conspiracy. *Id.* The Fifth Circuit also emphasized that the district court repeatedly cautioned the jury about the proper use of evidence. *Id.* With respect to one appellant, however, the Fifth Circuit reached a different conclusion. The Fifth Circuit emphasized that one of the appellants, Grace Davis, was not named in the conspiracy charge and the charges against her were only peripherally related to those alleged against the other appellants. The Fifth Circuit stated that "[a]s the trial progressed, it became increasingly apparent that very little of the mountainous evidence was usable against her, and almost none of it applied directly. The prejudice she suffered from the joint trial, then, far outweighed any benefit of judicial economy." *Id.* The Fifth Circuit held that the district court abused its discretion in denying her severance motion when she re-urged it at the close of evidence. *Id.*

The charges alleged against Morgan differ from those alleged against appellant Davis in *Erwin*. Accepting the allegations in the indictment as true, Morgan is charged with the conspiracy that forms the basis for all of the other charges in the indictment. The charges against Morgan therefore directly relate to the charges alleged against his co-defendants. Similar to the other *Erwin* appellants, the thrust of the evidence at trial will thus pertain to Morgan, and joinder is consequently inappropriate at this time.

As the Fifth Circuit makes clear in *Erwin*, this Court can revisit this issue as the trial unfolds if evidence and testimony is presented that is irrelevant to Morgan and inflammatory to him. *See U.S. v. McRae*, 702 F.3d 806, 828 (5th Cir. 2012) ("We do not fault the district court for declining to sever Warren's case before trial, but as the trial progressed, however, and the evidence and testimony presented became irrelevant and unusable against Warren, and

increasingly inflammatory to him, we are of the belief that limiting instructions could not mitigate the prejudice.").

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Sever (Rec. Doc. 299) is hereby **DENIED.**

New Orleans, Louisiana, this 8th day of September 2014.

_____
UNITED STATES DISTRICT JUDGE