## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-151 |
| DENNIS C. MORGAN | SECTION "L" |

## ORDER & REASONS

Pending before the Court is Petitioner Dennis Morgan's motion for early termination of supervised release. R. Doc. 874. The motion is opposed. R. Doc. 881. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

### I.        BACKGROUND

On May 28, 2015, Dennis Morgan appeared before the Court and pleaded guilty to Count 1 of a Second Superseding Indictment charging him with conspiracy to distribute and possess with intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of Title 21, United States Code sections 846, 841(a)(1) and 841(b)(1)(A). R. Doc. 475. On February 4, 2020, Mr. Morgan was sentenced to sixty-three months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release. R. Docs. 685, 868. A $100 special assessment fee was also imposed. R. Doc. 685 at 5.

### II.        PENDING MOTION

In the instant motion, Mr. Morgan seeks early termination of his previously imposed term of supervised release. R. Doc. 874. He argues that early termination is warranted because he has "not been re-arrested for any crime, has paid his special assessment, has refrained from any criminal conduct, including any conduct related to the basis of the indictment, and has cooperated fully with the United States Probation Office in all manner[s] required of him." R.

Doc. 874 at 3. Additionally, Mr. Morgan stresses that while incarcerated, he earned his GED and CDL certification. R. Doc. 874 at 3. Since his release, Mr. Morgan has obtained employment by Lab Logistics as a driver and organized and registered a business, Bayou Kajun Transportation, LLC. R. Doc. 847 at 3. Specifically, Mr. Morgan seeks early termination of supervised release because he was recently denied a Transportation Worker Identification Card by the TSA, allegedly at least in part due to his prior conviction, and he hopes that early termination "may help reverse this decision on appeal." R. Doc. 874 at 3.

The government opposes the motion, citing Mr. Morgan's "history of ties to gang activity" and U.S. Probation's recommendation that the full term of supervised release be served "to ensure that [Mr. Morgan] receives the maximum supervision prior to completion of his sentence." R. Doc. 881 at 1.

## III.        LAW & DISCUSSION

After considering the factors set forth in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Among the factors which a court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense and to deter criminal activity, the need to protect the public, the importance of rehabilitating the defendant, and the kinds of sentences and sentencing ranges available. *See* 18 U.S.C. § 3553(a). A district court has broad discretion in determining whether early termination of supervised release is appropriate. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

The Court finds that termination of supervised release is warranted here. Mr. Morgan has fully served his period of incarceration and been compliant with the terms and conditions of

supervised release for over two years and has less than a year remaining. His offense of conviction, while serious, did not carry with it an exorbitantly long term of incarceration. Mr. Morgan contends he has never had a supervision violation and requires only intermittent contact with his probation officer, and the government has not refuted these assertions. Since his release from incarceration, Mr. Morgan has been consistently employed, maintains his own residence, and taken substantial steps towards organizing a new business venture, showing great commitment to bettering the quality of his life and becoming a productive member of society. Further, he has specifically explained how early termination of his supervised release term may aid him in obtaining a particular credential necessary for the development of his business. The Court concludes that terminating Mr. Morgan's term of supervised release is warranted in the interest of justice, especially if it can have any bearing on his ability to operate his business.

## IV.  CONCLUSION

It is ordered that Mr. Morgan's motion for early termination of supervised release, R. Doc. 874, is **GRANTED**, and his term of supervised release is hereby **TERMINATED**.

New Orleans, Louisiana this 14th day of May, 2020.

Eldon E. Fallon
United States District Judge